UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MOHAMMED HASSAN,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>STATE OF IDAHO and WARDEN ALBERTO RAMIREZ,<br><br>　　　　　　　　Respondents. | Case No. 1:21-cv-00246-CWD<br><br>**INITIAL REVIEW ORDER** |

　　　　Petitioner Mohammed Hassan, a prisoner in the custody of the Idaho Department of Correction ("IDOC"), has filed a document entitled, "Prisoner Complaint Requesting for Leniency." *See* Dkt. 3. Because the document purports to seek relief from Petitioner's state court criminal conviction or sentence, the Court construes the document as a petition for writ of habeas corpus.

　　　　The Court now reviews the petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Petitioner to file an amended petition if Petitioner intends to proceed with this case.

INITIAL REVIEW ORDER - 1

## REVIEW OF PETITION

The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

Petitioner is incarcerated on four Ada County convictions in two separate criminal cases. *See* https://www.idoc.idaho.gov/content/prisons/offender_search/detail/86873, IDOC Offender Search (accessed July 29, 2021); *see also State v. Hassan*, No. 34594, 2008 WL 9468540, at *1 (Idaho Ct. App. July 29, 2008) (discussing Petitioner's convictions of aggravated assault, rape, and kidnapping). The petition itself offers no details about Petitioner's convictions or sentences. *See generally* Dkt. 3.

Petitioner relies on three provisions in his request for leniency: (1) 28 U.S.C. § 2255, the statute governing collateral attacks of federal criminal convictions; (2) Idaho Appellate Rule 25, which governs provision of the reporter's transcript to the Idaho appellate courts; and (3) Idaho Appellate Rule 12.3, which governs certification of a question from a federal court to the Idaho Supreme Court. *See id.* at 1–2.

However, none of these three provisions provides a basis for federal habeas relief from Petitioner's Idaho state court convictions or sentences. The Idaho Appellate Rules do not apply in federal court. Additionally, 28 U.S.C. § 2255 does not provide for relief from *state* criminal convictions or sentences. Rather, a petition for writ of habeas corpus that seeks relief from a state court judgment must be brought under 28 U.S.C. § 2254.

INITIAL REVIEW ORDER - 2

Federal habeas corpus relief under § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States.[1] *See* 28 U.S.C. § 2254(a).

Finally, Petitioner has not complied with Habeas Rule 2(d), which requires any habeas petition brought under 28 U.S.C. § 2254 to "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Therefore, within 60 days after entry of this Order, Petitioner must file an amended petition that complies with Habeas Rule 2(d) if he wishes to proceed. The Clerk of Court will be directed to provide Petitioner with this Court's form § 2254 petition, and Petitioner is encouraged and expected to use that form to draft any amended petition.

Petitioner also requests appointment of counsel. *See* Dkt. 3 at 4. There is no constitutional right to counsel in a habeas corpus action. *Coleman*, 501 U.S. at 755. The Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on the petitioner's ability to articulate the claims in light of the complexity of the legal issues and the petitioner's likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

---

[1] Petitioner should be aware that a one-year statute of limitations applies to claims brought in a § 2254 habeas petition. 28 U.S.C. § 2244(d)(1). Petitioner also should consider that, with very limited exceptions, federal habeas petitioners may file only a single petition for habeas corpus relief and may not proceed on second or successive petitions. 28 U.S.C. § 2244(b). In addition, habeas petitioners generally must present their claims in state court through the level of the Idaho Supreme Court, in a timely and procedurally proper manner, before a federal court can grant habeas relief. *See* 28 U.S.C. § 2254(b)(1); *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

Petitioner does not identify any specific constitutional claim—that is, he does not describe any constitutional violation that occurred in his state criminal proceedings. Therefore, the Court cannot determine whether Petitioner has a likelihood of success on the merits, and the Court will deny Petitioner's request for counsel.

### APPLICATION TO PROCEED IN FORMA PAUPERIS

Petitioner has requested in forma pauperis status. Good cause appearing, Petitioner's Application will be granted, which allows Petitioner to pay the filing fee when and as Petitioner can afford to do so, rather than at the time of filing. Petitioner is ordered to pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's inmate trust account.

### ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. Petitioner must pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's inmate trust account.

2. Petitioner's request for appointment of counsel (contained in the petition) is DENIED without prejudice.

3. Within 60 days after entry of this Order, Petitioner must file an amended petition as described above. The Clerk of Court will provide Petitioner with a form § 2254 petition. If Petitioner fails to file a timely amended petition,

or if it appears from the face of the amended petition that Petitioner is not entitled to relief, this case may be dismissed without further notice.

4. Any amended petition must clearly identify the federal constitutional basis for each claim and must include specific facts supporting each claim. *See* Habeas Rule 2(c)(1) (stating that a petition must "specify all the grounds for relief available to petitioner"); *Sivak v. Christensen*, No. 1:16-CV-00189-BLW, 2018 WL 4643043, at *2 n.3 (D. Idaho Sept. 27, 2018) (unpublished) (stating that a habeas petitioner must include, in the petition itself, "all of the information necessary to adjudicate that Petition").

5. If Petitioner intends to challenge convictions in more than one case, he should file a separate habeas corpus action asserting claims as to the second case. That is, all claims in a petition should relate only to a single state court criminal case number.

DATED: September 1, 2021

_____
Honorable Candy W. Dale
Chief U.S. Magistrate Judge